UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-724-H

CHARLES DOUTAZ, JR.   PLAINTIFF

V.

BULLITT COUNTY, by and through,
the BULLITT COUNTY FISCAL COURT, et al.   DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Charles Doutaz, Jr., is a former employee of Bullitt County, and he filed suit against Bullitt County, Bullitt County Judge-Executive Melanie Roberts, and current Bullitt County employee Jim Stivers. Plaintiff alleges that his termination violated his First and Fourteenth Amendment Rights as protected under 42 U.S.C. § 1983 as well as his rights under the Kentucky Whistleblower Statute, KRS 61.101, *et seq*. The matter is before the Court on Defendants' motion to dismiss the Whistleblower Statute claim.[1]

The Sixth Circuit has held that the Whistleblower Statute does not waive the sovereign immunity afforded to the Commonwealth of Kentucky and its political subdivisions in federal court. *Rose v. Stephens*, 291 F.3d 917, 925 (6th Cir. 2002). As a political subdivision of the Commonwealth of Kentucky, therefor, Bullitt County has immunity from suit in this Court. In the face of this undeniable holding, Plaintiff argues that, for the sake of judicial economy, the Court should deny Defendants' motion and prevent Plaintiff from having to file a separate suit in state court. The interest of judicial economy, however, does not trump the Commonwealth's

---

[1] Plaintiff clarified in his response to Defendants' motion that the Whisteblower Statute claim is against Bullitt County only, and not against any of the individual defendants.

immunity from suit in federal court afforded to it by the Eleventh Amendment of the United States Constitution.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to dismiss is SUSTAINED and the Court will DISMISS WITHOUT PREJUDICE Plaintiff's Whisteblower Statute claim.

cc:    Counsel of Record